Yao v. Barr

BIA
Douchy, IJ
A201 133 766

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand nineteen.

PRESENT:
>DEBRA ANN LIVINGSTON,
>CHRISTOPHER F. DRONEY,
>MICHAEL H. PARK,
>>*Circuit Judges.*

_____

QIUMEI YAO,
>*Petitioner,*

v.                                                          18-1979
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Holly M. Smith,
                         Senior Litigation Counsel; Nehal
                         H. Kamani, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiumei Yao, a native and citizen of the People's Republic of China, seeks review of a June 18, 2018, decision of the BIA affirming a July 14, 2017, decision of an Immigration Judge ("IJ") denying Yao asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiumei Yao*, No. A201 133 766 (B.I.A. June 18, 2018), *aff'g* No. A201 133 766 (Immig. Ct. N.Y. City July 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency did not err in concluding that Yao failed to satisfy her burden of proving a well-founded fear of future persecution in China on account of her practice of Christianity.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). To do so, an applicant must show either a reasonable possibility that she will be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng*, 528 F.3d at 142. "[A]n alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Id.* at 143.

As an initial matter, we find no merit to Yao's arguments that the IJ applied an incorrect burden of proof, mischaracterized her claim, and ignored her fear that she will be persecuted for proselytizing in China. The IJ set forth the correct well-founded-fear standard and recognized that Yao's claim was based on her assertions that she would proselytize as well as attend an underground church in China.

The agency did not err in finding that Yao failed to establish a well-founded fear of persecution because she did not demonstrate that Chinese officials are aware of or likely

3

to become aware of her religious activities.  Yao did not assert that Chinese officials know about her religious practice.  As to whether Chinese officials are likely to discover her religious activities, Yao asserted in her application that she would attend an unregistered Christian church in China and spread the gospel, and she testified that she had heard from other religious practitioners that the Chinese government persecutes Christians, but she did not claim to know anyone personally who had experienced such persecution.  And, as the IJ noted, according to the State Department's International Religious Freedom Report, there are 68 million Protestant Christians in China.  As the State Department Report further asserts, only 23 million out of this group of 68 million practice in officially-recognized churches.  Given Yao's failure to assert any specific basis for the IJ to conclude that Chinese officials are likely to become aware of her religious practice and the fact that there are tens of millions of practicing Christians in China, Yao did not establish an objectively reasonable fear of being singled out for persecution.  *See Hongsheng Leng*, 528 F.3d at 143; *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record

4

. . . [an applicant's] fear is speculative at best.").

The agency also did not err in determining that Yao failed to establish a pattern or practice of persecution of similarly situated individuals. The IJ acknowledged that the country-conditions evidence demonstrated that Chinese government officials restrict religious activities and harass and persecute religious practitioners in some areas of China. As the IJ noted, however, the country-conditions evidence also showed that many Christians practice their religion without government interference in other areas of the country. The IJ also reasonably relied on the absence of evidence of harm befalling Christians in Yao's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143, 149 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to her local area when persecutory acts vary according to locality). Given that restrictions on Christian activities varied by region, the agency did not err in determining that Yao failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution. *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005);

*see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Accordingly, the agency did not err in concluding that Yao failed to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Hongsheng Leng*, 528 F.3d at 142–43. That finding was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court